IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA TAYLOR, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00328-KD-N |
| | ) |
| CITY OF MOBILE POLICE | ) |
| DEPARTMENT,[1] | ) |
|     Defendant. | ) |

## ORDER

On August 28, 2023, the City of Mobile ("the City"), claiming that it is a proper defendant to this action rather than the "City of Mobile Police Department," removed this civil action to this Court from Alabama state court under 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."), alleging subject-matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") based on the Plaintiff's claims that certain of her federal constitutional rights were violated (*see*

---

[1] Though the Defendant claims that it should be referred to as the "City of Mobile," the Court will at present title this case based on how the Defendant is named in the title of the operative complaint (Doc. 1-1, PageID.8-9). The Clerk of Court is **DIRECTED** to change the title of this case on the docket to reflect the title used in this order.

Doc. 1-1, PageID.8).

On September 8, 2023, the City filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(5) ("insufficient service of process") and 12(b)(6) ("failure to state a claim upon which relief can be granted"), or alternatively for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 4).[2] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/8/2023 electronic reference notation).

Upon due consideration, the following briefing schedule is set for said motion:

1. The Plaintiff, Monica Taylor—who is proceeding without counsel (*pro se*)—must file and serve her brief in response to said motion, if any, no later than **SEPTEMBER 29, 2023**.[3]

---

[2] The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

[3] This is also the deadline by which the Plaintiff may amend her complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"). If the Plaintiff chooses to timely amend her complaint under Rule 15(a)(1)(B), she need not file a separate response to the motion. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner*

2. The City must file and serve its brief in reply to the Plaintiff's response, if any, no later than **OCTOBER 9, 2023**, after which the motion will be taken under submission for consideration as to the appropriate disposition.

3. Except as permitted by the Court's Local Rules, *e.g.*, S.D. Ala. CivLR 7(f)(3), no other briefing or submissions addressing the subject motion may be filed without leave of the Court for good cause shown.

4. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, this motion is being submitted without oral argument. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

All briefing must comply with the requirements of General Local Rule 5(a) and Civil Local Rule 7. However, courtesy copies of any brief or exhibits are not required unless expressly requested by the Court.

## NOTICE TO *PRO SE* PLAINTIFF

The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is

---

*Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his signature in order to satisfy Rule 11(a).[4] "The court must strike an unsigned paper unless the omission is promptly corrected after being

---

4 *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[5]

**DONE** and **ORDERED** this the **12th** day of **September 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders