IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA TAYLOR, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00328-KD-N |
| | ) |
| CITY OF MOBILE POLICE | ) |
| DEPARTMENT,[1] | ) |
|     Defendant. | ) |

## ORDER

**I.**

On August 28, 2023, the City of Mobile ("the City"), claiming that it is a proper defendant to this action rather than the "City of Mobile Police Department," removed this civil action to this Court from Alabama state court under 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."), alleging subject-matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") based on the

---

[1] Though the Defendant claims that it should be referred to as the "City of Mobile," the Court will at present title this case based on how the Defendant is named in the title of both complaints. The Clerk of Court is **DIRECTED** to change the title of this case on the docket to reflect the title used in this order.

Plaintiff's claims that certain of her federal constitutional rights were violated (*see* Doc. 1-1, PageID.8).

On September 8, 2023, the City filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(5) ("insufficient service of process") and 12(b)(6) ("failure to state a claim upon which relief can be granted"), or alternatively for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 4).[2] The assigned District Judge referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/8/2023 electronic reference notation). By order entered September 12, 2023 (Doc. 5), the undersigned set a deadline of September 29, 2023, for the Plaintiff, Monica Taylor—who is proceeding without counsel (*pro se*)—to respond to the motion. That order also noted that September 29 was the deadline for Taylor to amend her complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), and stated that Taylor need not serve a separate response to the motion to dismiss if she chose to timely amend her complaint under Rule 15(a)(1)(B).

On September 29, 2023, Taylor filed a document entitled "Respond Not to Dismiss" (Doc. 6). The assigned District Judge referred said filing to the undersigned for appropriate action. *See* S.D. Ala. GenLR 72(b); (9/29/2023 electronic reference notation). Given that said document expands on Taylor's claims and allegations in

---

[2] The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

her initial complaint, contains a prayer for relief requesting damages and injunctive relief, and does not appear to directly address the issues raised in the City's motion, the undersigned construes Taylor's September 29 filing (Doc. 6) as her First Amended Complaint filed as a matter of course under Rule 15(a)(1)(B).[3]

As a result of the amendment, the City's Rule 12(b) and (e) motion is now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). In light of this, and in Rule 15(a)(1)'s purpose, *see* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current

---

[3] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (citations and quotations omitted). "Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations." *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) (per curiam) (unpublished) (citing *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"), the Rules 12(b) and (e) motion directed at the initial complaint (Doc. 4) is **MOOT**,[4] **without prejudice** to the movant's ability to raise the arguments therein in a new motion directed at the First Amended Complaint, if appropriate.[5] Responses to the first amended complaint are due no later than **OCTOBER 16, 2023**.[6]

## II.

When Taylor filed her First Amended Complaint, she included 14 pages of medical records as an exhibit,[7] which the Clerk of Court has provisionally filed

---

[4] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (holding that magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).

[5] The undersigned expresses no opinion on whether the First Amended Complaint would still be subject to dismissal for any of the reasons stated in the present motion to dismiss.

[6] Taylor should be aware that, because Rule 15(a)(1) only allows a party to amend their pleading once as a matter of course, any further amendment to her complaint must be made through Federal Rule of Civil Procedure 15(a)(2) (Except as permitted by Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

under seal at her verbal request made at the time of filing. (*See* Doc. 6-1). However, apart from certain inapplicable exceptions, *see* S.D. Ala. GenLR 5.2(c), any party seeking to file material under seal must file a motion to seal in accordance with S.D. Ala. GenLR 5.2(b). In addition to the requirements of that rule, the general public has "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, [which] is instrumental in securing the integrity of the process. Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam). Accordingly, any party seeking to file material under seal must generally show good cause for making an exception to the common-law right of access to court records.

Upon due consideration, Taylor is **ORDERED** to file a motion for leave to file the 14 pages of exhibits to her complaint (Doc. 6-1) under seal that complies with S.D. Ala. General Local Rule 5.2 no later than **OCTOBER 16, 2023**. Failure to do so will result in entry of an order striking those exhibits from the record, such that they will not be further considered. *See* S.D. Ala. GenLR 5.2(b)(2) ("If the motion to seal is denied, the Clerk will delete the document from the Electronic Case Filing System and return any conventionally filed document to the party, unless the Court orders otherwise.").

In responding to this order, Taylor should consider, among other things, whether redaction of personal information as allowed by Federal Rule of Civil

Procedure 5.2(a) is a reasonable alternative to sealing the exhibits in their entirety. She should also consider the necessity of filing those exhibits is necessary at this stage of the case, as at the pleading stage she is only required to allege sufficient facts showing entitlement to relief, not prove them.

**DONE** and **ORDERED** this the **2nd** day of **October 2023**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**