## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MONICA TAYLOR,<br>    **Plaintiff,**<br><br>**v.**<br><br>**CITY OF MOBILE POLICE**<br>**DEPARTMENT,**<br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO. 1:23-00328-KD-N** |

## <u>ORDER</u>

## I.

This civil action is before the Court on the motion to dismiss the first amended complaint[1] under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") (Doc. 11) filed October 16, 2023, by the City of Mobile ("the City")—which claims that it is a proper defendant to this action rather than the "City of Mobile Police Department"—Officer Smith, and Officer Bradley (collectively, "the Movants"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/17/2023 electronic reference notation).

Upon due consideration, the following briefing schedule is set for said motion:

1. The Plaintiff, Monica Taylor—who is proceeding without counsel (*pro*

---

[1] The Court previously construed the Plaintiff's "Respond Not to Dismiss" filed September 29, 2023 (Doc. 6), as her first amended complaint filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Doc. 7).

*se*)—must file and serve her brief in response to said motion, if any, no later than **NOVEMBER 6, 2023**.

2. The Movants must file and serve their brief in reply to the Plaintiff's response, if any, no later than **NOVEMBER 16, 2023**, after which the motion will be taken under submission for consideration as to the appropriate disposition.

3. Except as permitted by the Court's Local Rules, *e.g.*, S.D. Ala. CivLR 7(f)(3), no other briefing or submissions addressing the subject motion may be filed without leave of the Court for good cause shown.

4. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, this motion is being submitted without oral argument. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

All briefing must comply with the requirements of General Local Rule 5(a) and Civil Local Rule 7. However, courtesy copies of any brief or exhibits are not required unless expressly requested by the Court.

## II.

On October 16, 2023, the Plaintiff filed *pro se* a document titled "Respond to Motion Not to Dismiss" (Doc. 12), which the undersigned construes as another amended complaint.[2] As the Plaintiff was previously informed when the Court

---

[2] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

construed her "Respond Not to Dismiss" filed September 29, 2023 (Doc. 6), as her first amended complaint filed as a matter of course (*see* Doc. 7 n.6, PageID.71), Federal Rule of Civil Procedure 15(a)(1) only permitted her to amend her complaint <u>once</u> as a matter of course. Thus, any further amendment to her complaint must be made through Federal Rule of Civil Procedure 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Plaintiff did not move for, nor has she been granted, further leave to amend her complaint, and there is no indication that her present amendment was filed with the opposing party's written consent. Accordingly, the Plaintiff's "Respond to Motion Not to Dismiss" filed October 16, 2023 (Doc. 12), construed as an amended complaint, is **STRICKEN** for failure to comply with Rule 15(a).[3]

The Plaintiff is cautioned that any further attempt to amend her complaint

pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (citations and quotations omitted). "Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations." *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) (per curiam) (unpublished) (citing *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). A plaintiff may not amend her complaint through allegations or argument made in a brief opposing a dispositive motion, and must instead amend it under the procedures in Federal Rule of Civil Procedure 15(a). *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).

[3] While the Plaintiff filed a motion for leave to amend under Rule 15 on October 6, 2023 (Doc. 8), the Court denied that motion for failure to comply with S.D. Ala. CivLR 15(b) (*see* Doc. 10). The Court declines to reconsider that ruling or construe the present amendment as an attachment to the prior motion.

that do not comply with Rule 15(a)(2) will likewise be summarily stricken. The Plaintiff is also put on notice that, under the Court's local rules, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a). Further, "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments[, and t]he proposed amended pleading must be filed as an attachment to the motion to amend." S.D. Ala. CivLR 15(b). Any amended pleading, or motion to amend a pleading, that does not comply with CivLR 15 is subject to being summarily stricken or denied.

## III.

By order entered October 2, 2023, the Court ordered the Plaintiff "to file a motion for leave to file the 14 pages of exhibits to her [first amended] complaint (Doc. 6-1) under seal that complies with S.D. Ala. General Local Rule 5.2" by October 16, 2023. (Doc. 7, PageID.72). While the Plaintiff file a motion to seal on October 6, 2023 (Doc. 9), the Court denied that motion on October 12 because the motion did not satisfy the requirements of GenLR 5.2 (*see* Doc. 10). The Plaintiff has filed nothing further on the matter. Accordingly, the Plaintiff's oral request to seal, made to the Clerk of Court at the time of filing the subject documents, is **DENIED**. In accordance with GenLR 5.2(b)(2), the Clerk of Court will delete Doc. 6-1 from the Electronic Case Filing System and, to the extent the Clerk has retained them, return the conventionally filed documents to the Plaintiff along with this order. The Clerk of

Court is **DIRECTED** not to seal any more documents filed by the Plaintiff based solely on an oral request, unless a statute or rule permits a particular document to be filed under seal without a court order.

**DONE** and **ORDERED** this the **18th** day of **October 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**