IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA TAYLOR, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF MOBILE POLICE )<br>DEPARTMENT, )<br>  Defendant. ) | CIVIL ACTION NO. 1:23-00328-KD-N |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the motion to dismiss the first amended complaint[1] under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") filed October 16, 2023 (Doc. 11), by the City of Mobile—which claims that it is a proper defendant to this action rather than the "City of Mobile Police Department" as named in the first amended complaint—Officer Smith, and Officer Bradley (collectively, "the Movants"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/17/2023 electronic reference notation).

In accordance with the Court's briefing schedule (*see* Doc. 13), Plaintiff Monica Taylor filed a response brief in opposition to the motion with supporting evidentiary

---

[1] The Court previously construed the Plaintiff's "Respond Not to Dismiss" filed September 29, 2023 (Doc. 6), as her first amended complaint filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Doc. 7).

material (Docs. 14, 15, 16), and the Movants filed a brief in reply (Doc. 17) to the response. The motion to dismiss is now under submission and ripe for disposition.

## I.   Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

## II.   Analysis

Taylor's first amended complaint (Doc. 6)[2] asserts causes of action under both 42 U.S.C. § 1983 and "State Law" arising from an incident in which Officers Smith and Bradley of the City of Mobile Police Department are alleged to have taken various

---

[2] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Accordingly, the undersigned does not consider the allegations in Taylor's initial complaint.

unlawful actions against Taylor at her residence in Mobile, Alabama, when responding to a call from a neighbor over what appears to have been a dispute between the neighbor and Taylor. Taylor alleges that the two officers refused to listen to Taylor or look at video she had taken purporting to show her side of the story; searched her person, including her "groin area," for "paraphernalia" without a female officer present, despite Taylor's "verbal communication of discomfort;" and never read Taylor her *Miranda* rights. Taylor also alleges that one of the officers painfully pushed her arm behind her back, and then Officer Bradley forcefully threw her face-first into the pavement. In addition to causing emotional distress, Taylor alleges that this caused her to become "unconscious for several on going minutes" and resulted in numerous injuries, including a "bleed on the brain" that had to be treated. When she awakened, one of the officers was allegedly sitting on Taylor's back screaming for her to "quit resisting," while the other officer hand her "arm and wrist pin [sic] down to the ground." The officers eventually "snatched [Taylor] up off the ground" and put her in their patrol car, with Officer Smith allegedly threatening to use his taser on Taylor.

The first amended complaint alleges that the above events occurred on "July 9," without specifying what year. The Movants claim that "a cursory review of cases involving Plaintiff in the Municipal Court of the City of Mobile, Alabama strongly indicates Plaintiff is referring to July 9, 2021[,]" citing to certified records from the City of Mobile Municipal Court included as an exhibit to the motion to dismiss. (Doc. 11, PageID.79; Doc. 11-1).[3] Because Taylor did not initiate this civil action until

---

[3] Those records indicate that Taylor was charged with "menacing-intimidation only" and "resisting arrest" for violations occurring July 9, 2021. "William Smith" is named as the arresting officer for both offenses, and two of Taylor's neighbors from the street

August 1, 2023, when she filed her initial complaint in state court (*see* Doc. 1-1, PageID.8-9), the Movants argue that her § 1983 claims are time-barred under the 2-year statute of limitations applicable to such claims filed in Alabama. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. In Alabama, … that limitations period is two years." (citation and quotation omitted)). To the extent the operative complaint asserts claims under Alabama law, they all appear based on injury to Taylor from the incident, and are thus subject to the same 2-year statute of limitations. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

While a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a "statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (per curiam) (quotations omitted). "Generally, the existence of an affirmative defense will not support a [Rule 12(b)(6)] motion to dismiss" unless "the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *affirmed*

---

she lives on are listed as "witnesses." Taylor ultimately pleaded guilty to the menacing charge, and on December 7, 2021, was sentenced to 180 days in jail, with that sentence suspended pending a 12-month period of probation, on December 7, 2021. That same day, Taylor appealed the judgment to the Circuit Court of Mobile County, Alabama, for a trial by jury.

*and reinstated on reh'g en banc*, 764 F.2d 1400 (11th Cir. 1985) (per curiam). *Accord, e.g., Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint."). Because Taylor omitted the year of the underlying incident from her operative complaint—information she was not required to plead—the statute-of-limitations defense to her claims does not clearly appear on the face of that complaint.

The Movants have relied on municipal court records to support their argument that the underlying events took place on July 9, 2021. Generally, when deciding a Rule 12(b)(6) motion, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). An exception to this rule is that "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam) (unpublished) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Relevant here, "[c]ourts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).[4] However, "a

---

[4] *See also Universal Express, Inc.*, 177 F. App'x at 53 ("Public records are among the

court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation and quotation marks omitted).[5] Therefore, the Court cannot rely on the municipal court records to establish that the underlying incident took place in 2021 without converting the present motion to dismiss into a motion for summary judgment.

However, in response to the present motion, Taylor admits in her brief that the underlying incident occurred on July 9, 2021, *see* (Doc. 15, PageID.229 ("On July 9th 2021 officers Smith and Bradley arrived to Taylors [sic] property."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (an admission against a party's interest can "carry evidentiary weight"), and submits evidence of her own confirming that date. (*See* Doc. 15-4 [Taylor's Ex. 4], PageID.255 (8/16/21 letter from Mobile Police Department to Taylor stating, in relevant part: "On July 15, 2021, you filed a Citizen Complaint…alleg[ing] that on July 09, 2021, Officers William Smith

---

permissible facts that a district court may consider. Because the complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary judgment or comply with the notice requirements of Rule 56(c). That the complaint in the New York action was filed after Universal filed its complaint does not affect its status as a public record." (citations omitted)).

[5] A court may also "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). However, the municipal court records cannot reasonably be considered "central" to Taylor's claims of maltreatment by the police officers during her arrest.

and Bradley Latham acted improperly while servicing a complaint at 6143 Foxtail Dr. Specifically, you allege Officers Smith and Latham made an Improper Arrest of you, used Improper Force, used Improper Procedure and Improperly Serviced the complaint."); Doc. 15-5 [Taylor's Ex. 5], PageID.272 (medical note from 3/1/2022 exam of Taylor stating, in relevant part: "Pt was arrested July 9th 2021 at which point she hit the left side of her head on the ground.")). Thus, by her own response, Taylor has shown that her claims are time-barred.

The primary purpose of Rule 12(d) is to "safeguard a complainant from surprise." *Herron v. Herron*, 255 F.2d 589, 594 (5th Cir. 1958) (interpreting substantively similar prior version of Rule 12(d), then located at Rule 12(b)).[6] Here, any surprise from consideration of matters outside the operative pleading to establish the date of the underlying incident is mitigated by the fact that Taylor has admitted to the date of the incident in her response and presented her own evidence confirming it. Moreover, "when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given, failure to notify [under Rule 12(d)] may be harmless error." *Marine Coatings of Ala., Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986) (citing *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985)).

---

[6] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

Upon due consideration, the undersigned will recommend that the Movants' present Rule 12(b)(6) motion (Doc. 11) be treated as a motion for summary judgment under Rule 56, and that summary judgment be granted on all of Taylor's claims as time-barred under the applicable 2-year statute of limitations.[7] However, as will be explained later, the parties will have an opportunity to object to this recommendation before the Court decides whether to adopt it. In that time, Taylor should be permitted to submit any additional evidence and argument she feels appropriate showing why the applicable 2-year statute of limitations does not bar her § 1983 and/or state law claims arising from the July 9, 2021 incident. The Movants may, of course, also submit any additional evidence and argument the issue.[8]

### III.   Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. that the Court treat the Rule 12(b)(6) motion to dismiss filed October 16, 2023 (Doc. 11), as a motion for summary judgment under Rule 56, and **GRANT** summary judgment in favor of the Defendants on all of Taylor's claims as being time-barred under the applicable 2-year statute of limitations; and

---

[7] In light of this, the undersigned declines to address the Movants' other ground for dismissal raised in the motion.

[8] To the extent the Movants' motion to dismiss did not expressly move for dismissal of Taylor's state law claims under the 2-year statute of limitations, the Court may still grant summary judgment "on grounds not raised by a party" "[a]fter giving notice and a reasonable time to respond…" Fed. R. Civ. P. 56(f)(2). Taylor is already being given notice and a reasonable time to respond on the same issue under Rule 12(d), thus also satisfying Rule 56(f)(2).

2. that the parties be permitted, within the time allowed for objections to be served to this Report and Recommendation, *see infra*, to submit additional evidence and argument in support of their respective positions on the statute-of-limitations issue.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

## EXPLANATION OF SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56

Since the Plaintiff is appearing *pro se*, she is advised that the granting of summary judgment on her claims would represent a final adjudication of this action that may foreclose subsequent litigation on this matter. *See Somerville v. Hall*, 2 F.3d 1563, 1564 (11th Cir. 1993) (per curiam); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987) (per curiam); *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved (there is attached hereto for your convenience a copy of the current version of Rule 56). Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue which can be decided only after a trial. Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

A party against whom a motion for summary judgment is filed (or against whom the court has converted another motion into a motion for summary judgment) is entitled to notice and a reasonable time to respond to the motion. Generally, a person against whom a motion for summary judgment is filed may not simply rely on the allegations contained in the complaint. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits or declarations, depositions, answers to interrogatories, admissions, or as otherwise

provided in the rules. Plaintiff may file affidavits or declarations in opposition to the motion for summary judgment. Affidavits or declarations either in support of or in opposition to a motion for summary judgment **must meet the following conditions**:

(1) They must show that the person making the affidavit or declaration has personal knowledge of the matters about which the person swears.

(2) They must set forth *facts* that would be admissible in evidence.

(3) They must state that the person making the affidavit or declaration is competent to testify about the matters contained in the affidavit.

(4) A certified or sworn copy of any papers or documents referred to in an affidavit or declaration must be attached to it.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). If the Court finds that any affidavit or declaration, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit or declaration to pay to the other party reasonable expenses, including attorney fees, incurred because of the bad faith affidavit or declaration. Fed. R. Civ. P. 56(h). In addition, the party using a bad faith affidavit or declaration may be adjudged guilty of contempt or subject to other appropriate sanctions. *Id.*

If the Plaintiff files an unsworn declaration in response to the motion for summary judgment, instead of a sworn affidavit, she should be sure that it is in compliance with 28 U.S.C. § 1746 – that is, the Plaintiff must (1) date and sign the document, and (2) subscribe its content as "true," (3) under "penalty of perjury," and (4) use language substantially like, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2). If the Plaintiff fails to comply with 28 U.S.C. § 1746, her unsworn declaration **will not** be considered in opposition to the motion for summary judgment. *See Roy v. Ivy*, 53 F.4th 1338, 1348 (11th Cir. 2022)

When the court has received the motion for summary judgment with its supporting documents and the response to the motion with its supporting documents, or *when the time for filing such response* has expired, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**DONE** this the **23rd** day of **April 2024**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# FEDERAL RULE OF CIVIL PROCEDURE 56
## (as amended effective Dec. 1, 2010)

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

>   **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>>   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>>   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>   **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
>   **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>   **(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.