IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MONICA TAYLOR,** )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>**CITY OF MOBILE POLICE** )<br>**DEPARTMENT,** *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 23-00328-KD-N |

**ORDER**

This action is before the Court on the report and recommendation of the Magistrate Judge (doc. 20), Plaintiff Monica Taylor's objection and exhibits (docs. 21, 23), and Defendants City of Mobile Police Department, Officer Smith's and Officer Bradley's response (doc. 22). After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, and the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(a)-(b), Fed. R. Civ. P. 72, and S.D. Ala. GenLR 72(a)-(b), dated April 23, 2024, is **ADOPTED**, as **modified herein,** as the opinion of this Court.

Section II. Analysis

The sentence and citation - "To the extent the operative complaint asserts claims under Alabama law, they all appear based on the injury to Taylor from the incident, and are thus subject to the same 2-year statute of limitations. *See* Ala. Code § 6-2-38(l). ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.") (doc. 20, p. 4) are **stricken**.

The sentence – "Thus, by her own response, Taylor has shown that her claims are time-barred" is **modified** to read "Thus, by her own response, Taylor has shown that her § 1983 claims are time-barred." (Id., p. 7).

The phrase "… and that summary judgment be granted on all of Taylor's claims as time-barred under the applicable 2-year statute of limitations" is **modified** to read "… and that summary judgment be granted on Taylor's § 1983 claims as time-barred under the applicable 2-year statute of limitations." (Id., p. 8).

Footnote Eight is **STRICKEN** (Id., p. 8, n. 8).

Section III. Conclusion

Subparagraph 1 is **modified** as follows:

> 1. that the Court treat the Rule 12(b)(6) motion to dismiss filed October 16, 2023 (Doc. 11), as a motion for summary judgment under Rule 56, and GRANT summary judgment in favor of the Defendants on Taylor's § 1983 claims as being time-barred under the applicable 2-year statute of limitations; and

Accordingly, Taylor's § 1983 claims are **dismissed with prejudice** as time-barred.

Taylor's remaining claims arise under Alabama law. In this circumstance, where the Court "has dismissed all claims over which it has original jurisdiction", the Court "may decline to exercise supplemental jurisdiction" over the remaining state law claims and remand this action to the Circuit Court of Mobile County, Alabama. 28 U.S.C. § 1367(c)(3). Remand of Taylor's remaining state law claims is proper where "considerations of judicial economy, convenience, fairness, and comity" weigh in favor of declining to exercise supplemental jurisdiction. Ameritox, Ltd., v. Millennium Laboratories, Inc., 803 F.3d 518, 537 (11th Cir. 2015); Lewis v. City of St. Petersburg, 260 F. 3d 1260, 1267 (11th Cir. 2001) (citation omitted) (In deciding whether to remand, the Court "should 'take into account concerns of comity, judicial economy, convenience, fairness, and the like.'").

Upon consideration, the Court finds these factors weigh in favor of remand and declines to exercise supplemental jurisdiction. Accordingly, this action is **remanded** to the Circuit Court of Mobile County, Alabama.

Final judgment shall be entered by separate document in accordance with Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 28th day of May 2024.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE