[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11888

Non-Argument Calendar

_____

MONICA TAYLOR,

                                  Plaintiff-Appellant,

*versus*

CITY OF MOBILE POLICE DEPARTMENT, et al.,

                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cv-00328-KD-N

_____

Case 1:23-cv-00328-KD-N    Doc# 31    Filed 10/30/24    Page 2 of 15    PageID# 350
USCA11 Case: 24-11888    Document: 21-1    Date Filed: 10/30/2024    Page: 2 of 13

2                     Opinion of the Court                   24-11888

Before BRANCH, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Monica Taylor, proceeding *pro se*, appeals the district court's order dismissing with prejudice her 42 U.S.C. § 1983 claims as barred by the applicable two-year statute of limitations. On appeal, Taylor argues that the district court erred in applying the statute of limitations. After review, we affirm.

## I.  BACKGROUND

### A.   Original Complaint

On August 1, 2023, Taylor filed her *pro se* complaint in the Circuit Court of Mobile County, Alabama. Taylor's complaint alleged that the three defendants, Officers William Smith and Bradley Latham and the City of Mobile Police Department, violated the Alabama Civil Rights Act of 1975 and her rights under the First, Second, Fourth, and Fourteenth Amendments to the U.S. Constitution. Taylor's two-page complaint did not allege any facts to support her claims.

The City of Mobile ("the City") asserted it was the proper municipal defendant and removed Taylor's action to federal district court based on federal question jurisdiction. The City then moved to dismiss Taylor's complaint or alternatively for a more definite statement. The City argued, among other things, that Taylor should be required to set forth specific factual allegations.

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 3 of 15   PageID# 351
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 3 of 13

24-11888                Opinion of the Court                3

### B.     First Amended Complaint

On September 29, 2023, Taylor filed *pro se* a pleading entitled "Respond Not to Dismissed" that included some factual details. The district court construed Taylor's pleading as her first amended complaint filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[1]

Taylor's first amended complaint described the circumstances of Officers Smith and Latham's arrest of Taylor on the "[m]orning of July 9," but did not identify the year in which the alleged events occurred.[2] Among other things, the first amended complaint alleged that, during the arrest, the officers threw Taylor down onto the pavement, where she hit her head and lay unconscious for several minutes, causing her various "documented injuries," including memory loss.

Taylor's first amended complaint stated that her claims were brought under 42 U.S.C. § 1983 against the City "for lack of training" and against the officers for use of excessive force and included a prayer for relief.

---

[1] Taylor later filed a second pleading entitled "Respond to Motion Not to Dismissed" that was substantially similar to her first amended complaint. The district court construed this pleading as a second amended complaint and struck it because Taylor failed to obtain the defendants' consent or the district court's leave, as required by Federal Rule of Civil Procedure 15(a)(2). Taylor does not raise any issue as to this ruling.

[2] Taylor's filing referred to Officer Bradley Latham as Officer Bradley.

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 4 of 15   PageID# 352
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 4 of 13

4                        Opinion of the Court                    24-11888

The district court denied the City's motion to dismiss Taylor's original complaint as moot and set a deadline to respond to Taylor's first amended complaint.

**C.     Motion to Dismiss as Time-Barred**

The three defendants filed a motion to dismiss Taylor's first amended complaint. The defendants argued Taylor's claims were barred by Alabama's two-year statute of limitations applicable to § 1983 claims. The defendants noted that Taylor's first amended complaint failed to identify the year of the "July 9" events at the center of her claims. The defendants averred that, after reviewing state court records, they believed Taylor was referring to her arrest on July 9, 2021.

The defendants attached certified records from the Municipal Court of the City of Mobile and asked the district court to take judicial notice of them. According to these Municipal Court records, Officer Smith arrested Taylor on July 9, 2021. Taylor was arrested for "menacing-intimidation only" and resisting arrest, to which she pled guilty on December 7, 2021, and received a 180-day suspended sentence and probation.

On November 6, 2023, Taylor filed a response to the defendants' motion to dismiss. Taylor argued Officers Smith and Latham violated her constitutional rights by using excessive force during her arrest, discriminating against her because of her race, failing to advise her of her *Miranda* rights, and searching and arresting her without a warrant or probable cause. Taylor

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 5 of 15   PageID# 353
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 5 of 13

24-11888                Opinion of the Court                5

contended the City was liable for the officers' actions because it had failed to train them.

For the first time, Taylor also specified that the officers arrested her on July 9, 2021. But Taylor's brief did not respond to the City's statute-of-limitations argument at all.

Taylor attached to her response documents indicating that: (1) on July 9, 2021, she retained the first of four attorneys to help with her criminal case; (2) after she pled guilty on December 7, 2021, she prepared the attached complaints against these attorneys to submit to the Alabama State Bar; and (3) on July 15, 2021, she filed a citizen complaint with the Mobile Police Department alleging that on July 9, 2021, Officers Smith and Latham conducted an improper arrest of her.

Taylor also attached medical records from the Southeast Louisiana Veterans Health Care System, including: (1) January 5, 2023 and February 2, 2023 progress notes from Taylor's speech pathologist indicating, *inter alia*, that beginning in 2018, Taylor had a series of falls and suffered head trauma, after which she experienced, *inter alia*, expressive aphasia, migraines, and memory problems; and (2) March 1, 2022 progress notes from Taylor's optometrist indicating Taylor's headaches worsened after her July 9, 2021 arrest, when she hit the left side of her head on the ground.

**D.     Report and Recommendation**

A magistrate judge issued a report ("R&R") recommending that: (1) the defendants' motion to dismiss be treated as a motion for summary judgment, and (2) summary judgment be granted in

favor of the defendants because Taylor's § 1983 claims in her first amended complaint are barred by the applicable two-year statute of limitations.[3]

The R&R concluded the court could not take judicial notice of the Municipal Court records to establish Taylor's arrest had occurred in 2021 without converting the defendants' motion to dismiss into a motion for summary judgment. The R&R determined that any surprise from considering matters outside the pleadings was mitigated by the fact that Taylor's response brief admitted the underlying incident occurred on July 9, 2021 and Taylor presented her own evidence confirming that date. The R&R also stated that in addition to filing any objection, "Taylor should be permitted to submit any additional evidence and argument" to show the applicable two-year statute of limitations did not bar her claims arising from her July 9, 2021 arrest.

### E.     Taylor's Objection

Taylor filed written objections to the R&R. Pertinent to this appeal, Taylor argued for the application of Alabama's six-year statute of limitations for claims of assault and battery. Taylor also cited Ala. Code § 6-2-8(a), a statutory tolling provision for certain

---

[3] In its timeliness analysis, the R&R included any state law claims Taylor may have alleged in her first amended complaint. The district court, however, struck the language in the R&R addressing potential state law claims and instead declined to exercise supplemental jurisdiction over any state law claims. On appeal, the parties raise no issues as to the district court's disposition of potential state law claims, and we do not address them further.

disabilities, but she did not explain how it applied to her claims. Instead, Taylor stated that she filed a claim for "possible injury" with the City of Mobile on December 29, 2021, within six months of her arrest on July 9, 2021, as required by Ala. Code § 11-47-23, the limitations period to submit claims for payment to municipalities. And she stated that, because of a brain injury, she "had [a] lot of trouble staying on task."

Taylor attached the following exhibits to her objection: (1) a Certification of Incarceration certifying Taylor was incarcerated at the Mobile County Metro Jail on July 9, 2021; (2) a Claim Form, dated December 29, 2021, that Taylor signed and sent to the City, describing her injuries from the officers' use of force, including hitting her head on the ground; and (3) additional progress notes from her speech pathologist, dated January 2021 to February 2022. According to the progress notes, in January 2021, Taylor reported having trouble recalling dates and was educated on organization and planning systems, including a calendar "on an iOS device to aid in recall of dates," and by March 2021 Taylor was "using a planner to log information for weekly appts with excellent success." In October 2021, Taylor reported "increasing difficulty with memory" after hitting her head in July 2021 and was encouraged "to continue use of the planner and calendar to assist." In February 2022, Taylor's speech pathologist noted that Taylor had been diagnosed with mild cognitive impairment, although the date of the diagnosis was not indicated and there was not further information about this diagnosis or its effect on Taylor.

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 8 of 15   PageID# 356
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 8 of 13

8                    Opinion of the Court                    24-11888

In response, the defendants argued that because Taylor did not dispute that the events underlying her claims occurred on July 9, 2021, more than two years after Taylor filed her complaint, her claims were time-barred.

Further, the defendants contended that "[t]o the extent" Taylor argued the statute of limitations was tolled under Ala. Code § 6-2-8 due to her "mental disability, the mere existence of a disability is not enough." The defendants asserted that Taylor had not carried her burden to prove that "her alleged disability prevented her from filing suit within the statute of limitations." The defendants pointed to Taylor's own documents and the Municipal Court records that showed her "active participation in the judicial system both personally and through her attorneys, keen awareness of legal notice requirements specific to filing claims against a municipality, and that she was capable of filing this lawsuit and pursuing her claims within the statute of limitations."

F.   **District Court's Dismissal With Prejudice**

Over Taylor's objections, the district court agreed that Taylor's § 1983 claims were barred by the two-year statute of limitations and adopted the R&R with modifications. Accordingly, the district court dismissed the § 1983 claims against all three defendants with prejudice. Taylor filed this appeal challenging the district court's statute-of-limitations ruling.

## II.  DISCUSSION

On appeal, Taylor argues that the district court erred in dismissing her § 1983 claims because the two-year statute of

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 9 of 15   PageID# 357
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 9 of 13

24-11888                Opinion of the Court                9

limitations was tolled due to her "impaired ability to judge time accurately" that resulted from "a traumatic head injury" she suffered during the police officers' use of excessive force. For the reasons that follow, we conclude Taylor has not carried her burden to show that her memory impairment tolled the statute of limitations, and thus the district court correctly dismissed her § 1983 claims as untimely.

"We independently review the district court's ruling concerning the applicable statute of limitations." *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020) (quoting *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). We likewise review *de novo* whether equitable tolling applies and review for clear error any fact findings. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005). In so doing, we construe liberally *pro se* pleadings. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The statute of limitations applicable to a § 1983 claim is governed by the statute of limitations for a personal injury action in the state where the claim arose, which is Alabama in this case. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Where, as in Alabama, the state has "more than one statute of limitations for personal injury actions," the court applies the residual personal injury statute of limitations. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1482 (11th Cir. 1989). Thus, the two-year limitations period in Ala. Code § 6-2-38(*l*) applies to § 1983 actions filed in Alabama. *Id.*

The accrual date for a claim under § 1983, however, is a question of federal law. *Wallace*, 549 U.S. at 388. Generally, a

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 10 of 15   PageID# 358
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 10 of 13

10                        Opinion of the Court                   24-11888

§ 1983 claim accrues, and the statute of limitations begins to run, when the facts that would support a claim are apparent or should be apparent to a person of reasonably prudent regard for her rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). Under this standard, the plaintiff "must know or have reason to know" that she was injured and who inflicted the injury. *Id.* at 562.

Taylor does not dispute that her alleged constitutional claims arising out of her arrest by Officers Smith and Latham accrued on July 9, 2021. Taylor's own evidence establishes that she knew of the facts to support her § 1983 claims when the officers detained, searched, and arrested her. Indeed, within one week of her arrest, Taylor filed a complaint with the police department about the officers' conduct. Thus, Taylor should have filed her § 1983 complaint within two years of July 9, 2021, or by July 9, 2023. But Taylor did not file her complaint until August 1, 2023, making it untimely.

The only issue on appeal is whether the limitations period should have been tolled. Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace*, 549 U.S. at 396. "The burden is on the plaintiff to show that equitable tolling is warranted." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). As with the statute of limitations, in a § 1983 action, federal courts generally refer to state law for tolling rules. *See Wallace*, 549 U.S. at 394.

Alabama law tolls the limitations period for certain disabilities, as follows:

USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 11 of 13

24-11888                Opinion of the Court                11

> If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action . . . .

Ala. Code § 6-2-8(a). Taylor does not refer to her age, which, in any event, was 54 years old at the time of her arrest. Thus, this tolling provision applies only if Taylor demonstrated she was "insane" within the meaning of § 6-2-8(a) when her § 1983 claims accrued on July 9, 2021.

In the general definitions provision, the Alabama Code states that "[t]he words 'lunatic' or 'insane' or the term 'non compos mentis' include all persons of unsound mind." *Id.* § 1-1-1(5). The Alabama Supreme Court has held that the word "insane" "signifies any derangement of the mind that deprives it of the power to reason or will intelligently." *Alabama Power Co. v. Shaw*, 111 So. 17, 20 (Ala. 1926) (quotation marks omitted). More recently, the Alabama Supreme Court rejected an "expansive interpretation" of the word "insane" in the tolling statute to include "a mental illness that affects only an understanding of a particular legal right." *Travis v. Ziter*, 681 So. 2d 1348, 1355 (Ala. 1996).

Here, Taylor has not shown she was "insane" or "of unsound mind" within the meaning of § 6-2-8(a) when Officers Smith and Latham arrested her or at any time thereafter. The only evidence Taylor presented of a mental disability was her speech

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 12 of 15   PageID# 360
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 12 of 13

12                    Opinion of the Court                    24-11888

pathologist's progress notes. This evidence showed that as early as 2018, Taylor reported difficulty recalling dates (due to prior head trauma) and that her memory problems increased after she hit her head on July 9, 2021. But Taylor's evidence also showed that she was taught to use, and was using, a calendar and a planner to help her remember appointments and other important dates and that Taylor had "excellent success" using those memory aids.

Perhaps more importantly, Taylor's evidence showed that in the days and months after her July 9, 2021 arrest, she was able to defend her rights and engage in legal processes. In particular, Taylor: (1) filed a July 15, 2021 complaint with the Mobile Police Department about the officers' conduct during the arrest; (2) filed a December 29, 2021 claim for payment with the City for injuries she sustained during her arrest, within the time period required by Ala. Code § 11-47-23; (3) retained several attorneys to represent her in her criminal proceedings between July 9, 2021 and December 7, 2021; and (4) then prepared bar complaints when she was not satisfied with their legal representation.

Under the factual circumstances of this case, Taylor has not shown that her memory problems rendered her of unsound mind, or prevented her from filing her § 1983 action, within the two-year limitations period. *See* Ala. Code §§ 1-1-1(5); 6-2-8(a); *Shaw*, 111 So. at 20. Thus, Taylor failed to carry her burden to show tolling was warranted. *See Justice*, 6 F.3d at 1479.

Case 1:23-cv-00328-KD-N   Doc# 31   Filed 10/30/24   Page 13 of 15   PageID# 361
USCA11 Case: 24-11888   Document: 21-1   Date Filed: 10/30/2024   Page: 13 of 13

24-11888         Opinion of the Court         13

For these reasons, we affirm the district court's judgment, which dismissed with prejudice Taylor's § 1983 claims against the defendants as time-barred.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 30, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-11888-AA
Case Style: Monica Taylor v. City of Mobile Police Department
District Court Docket No: 1:23-cv-00328-KD-N

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion