**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MONICA TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Civil Action No. 23-00328-KD-N** |
| | ) |
| **CITY OF MOBILE POLICE** | ) |
| **DEPARTMENT,** *et al*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on pro se Plaintiff Monica Taylor's "Combined Motion to

Alter or Amend Judgment (Rule 59(e)) and Motion for Relief from Judgment (Rule 60(b)) (doc.

34). [1] Upon consideration, and for the reasons set forth herein, the Motion is DISMISSED for

lack of jurisdiction as to the Opinion entered October 30, 2024 by the Court of Appeals for the

Eleventh Circuit, and otherwise is DENIED.

I. Background

Taylor filed a Complaint in the Circuit Court of Mobile County, Alabama against the

City of Mobile Police Department, Officer Bradley Latham and Officer William Smith alleging

constitutional violations (doc. 1-1).  The City removed the action and asserted that it was the

proper defendant instead of the City of Mobile Police Department (doc. 1).  The City filed its

Motion to Dismiss or in the alternative Motion for More Definite Statement (doc. 4).  Taylor

filed a response which the Magistrate Judge construed as First Amended Complaint filed once as

a matter of course under Fed. R. Civ. P. 15(a)(1) (doc. 6). Taylor clarified that the "Civil Rights

---

[1] Because Taylor's Motion for Relief from Judgment is denied, the action is not reopened and the
objection to the Report and Recommendation (doc. 35) is MOOT.

Violation complaint" was brought pursuant to 42 U.S.C. § 1983 and that the alleged constitutional violations resulted from her arrest by Officers Latham and Smith.[2]

The City and Officers Latham and Smith moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Taylor responded to the Motion, and Defendants replied (docs. 11, 12, 14-17). The Magistrate Judge entered a Report and Recommendation to grant Defendants' Motion (doc. 20). Taylor filed an objection (doc. 21) and Defendants filed a Response to the Objection (doc. 22).

The Magistrate Judge recommended that the Rule 12(b)(6) motion be treated as a motion for summary judgment, and that summary judgment be granted in favor of Defendants as to Taylor's claims brought pursuant to state law and § 1983 because they were time barred under the applicable two-year statute of limitations. The parties had submitted documents which indicated the underlying arrest occurred on July 9, 2021, but Taylor did not file her Complaint in state court until August 1, 2023. Because the Magistrate Judge recommended that the motion to dismiss be treated as a motion for summary judgment, the Magistrate Judge also recommended that the parties be permitted, within the objection period, "to submit additional evidence and argument in support of their positions on the statute-of-limitation issue" (doc. 20, p. 9).

In her objection, Taylor argued that the period of limitations was six years for her state law claims of assault and battery and imprisonment. (doc. 21). See Ala. Code § 6-2-34(1). Taylor also relied upon Ala. Code § 6-2-8(a). Relevant here, the statute tolls the periods of limitation for persons who are below the age of 19 years, or insane, and allows "three years, or the period allowed by law for the commencement of an action …" after the disability of age or insanity is

---

[2] Taylor stated that the arrest occurred on "July ninth" (doc. 6, p. 2). Subsequent documents explain that the date was July 9, 2021. She alleged that she was "thrown with complete force face first onto the pavement" and was "unconscious for several ongoing minutes" (Id., p. 3).

2

terminated. Taylor submitted medical records in an apparent attempt to show that she had post-concussion syndrome, a traumatic brain injury, cognitive impairment, and "trouble staying on task", among other impairments, after the arrest. Taylor did not specifically argue that the period of limitations for the § 1983 action should be tolled. Defendants filed a response in support of the Report and Recommendation (doc. 22).

On May 28, 2024, the Court entered an Order which modified and adopted the Report and Recommendation (doc. 24). In sum, the Court agreed that Taylor's claims pursuant to § 1983 were time barred and granted summary judgment as to those claims. Thus, her § 1983 claims were dismissed. The Court declined to exercise jurisdiction over her remaining state law claims, and remanded the action to the state court (Id.; doc. 25, Judgment).

Taylor appealed to the Court of Appeals for the Eleventh Circuit (doc. 27). She argued that this Court erred in dismissing her § 1983 claims because the "two-year statute of limitations was tolled due to her 'impaired ability to judge time accurately' that resulted from 'a traumatic head injury' she suffered during the police officers' use of excessive force'" (doc. 31, p. 9). In an Opinion of the Court entered October 30, 2024, the Eleventh Circuit affirmed this Court's decision (doc. 31).

The Eleventh Circuit found that Taylor had "not shown that her memory problems rendered her of unsound mind, or prevented her from filing her § 1983 action, within the two-year limitations period." (Id., p. 12). The Eleventh Circuit explained that Taylor's evidence showed that she had "difficulty with recalling dates as early as 2018", which increased after the head injury on July 9, 2021, but she had success with using memory aides – a calendar and a planner and the use of an iOS device (cell phone calendar).

3

The Eleventh Circuit also explained that during the two-year period after the arrest, Taylor "was able to defend her rights and engage in legal processes." (Id.)  Specifically, Taylor

> (1) filed a July 15, 2021 complaint with the Mobile Police Department about the officers' conduct during the arrest; (2) filed a December 29, 2021 claim for payment with the City for injuries she sustained during her arrest, within the time period required by Ala. Code § 11-47-23; (3) retained several attorneys to represent her in her criminal proceedings between July 9, 2021 and December 7, 2021; and (4) then prepared bar complaints when she was not satisfied with their legal representation.

(Doc. 31, p. 12).  Ultimately, the Eleventh Circuit found Taylor had not shown that her "memory problems rendered her of unsound mind or prevented her from" timely filing the § 1983 action, and thus, she had not met her burden to show tolling was warranted.

II. Analysis

Taylor now files a "Combined Motion to Alter or Amend Judgment (Rule 59(e)) and Motion for Relief from Judgment (Rule 60(b)) (doc. 34).  The Court construes her Motion as seeking relief from the Opinion of the Court of Appeals for the Eleventh Circuit entered October 30, 2024 (doc. 31) and this Court's Order and Judgment entered May 28, 2024 (docs. 24, 25). Pouyeh v. Pub. Health Tr. of Jackson Health Sys., 2025 WL 2319399, *3 (11th Cir. 2025) ("We liberally construe the filings of *pro se* litigants [.]"); Campbell v. Air Jam, Ltd., 760 F. 3d 1165, 1168 (11th Cir. 2014) (same).

A. The Opinion

Taylor "moves this Court to alter, amend, or set aside the judgment entered on 10/30/2024." (doc. 34, p. 1).  The "judgment" entered that date is the Eleventh Circuit's Opinion affirming this Court's decision.  However, this Court does not have jurisdiction to alter, amend, or set aside an Opinion entered by the Eleventh Circuit.  Thus, Taylor's Motion as to the Opinion, is dismissed for lack of jurisdiction.

4

B. The Order and Judgment

1. Rule 59(e) Motion

Taylor argues that the Court committed manifest errors of law and fact and therefore, the Order and Judgment should be amended or modified.  She asks the Court to "correct factual and procedural errors under Rule 59(e).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Taylor specifically acknowledges this requirement in her "Reference Notes (For Review)" when she states as follows: "Rule 59(e): Used to correct errors of law or fact; must be filed within 28 days." (doc. 34, p. 7) (emphasis removed).  Thus, Taylor's motion to "alter or amend" the Order and Judgment entered by this Court on May 28, 2024, which was filed on November 6, 2025, is denied as untimely. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); Pouyeh, 2025 WL 2319399, *3 ("…even *pro se* litigants are required to comply with applicable procedural rules.") (citing Albra v. Advan, Inc. 490 F. 3d 826, 829 (11th Cir. 2007).

2. Rule 60(b) Motion

a) "Continuing-injury doctrine" and accrual

Taylor argues that the "dismissal as time-barred overlooked the continuing-injury doctrine" (doc. 34, p. 4).  Taylor concedes that her "initial excessive force injury" occurred on July 9, 2021 (Id., p. 3).  However, she argues that the injury continued and her "neurology diagnosis – impaired gait" on "04/29/2022" "defines [the] accrual date for limitations purposes" (Id.) and "establishes the earliest reasonable accrual date for limitations purposes" (Id., p. 4). Thus, Taylor argues that the Court erred by finding her claims accrued July 9, 2021, and by

5

relying upon that accrual date to find that her Complaint as to the § 1983 claims was time-barred. She argues that with an accrual date of April 29, 2022, her Complaint, filed August 1, 2023, was timely.

Taylor does not specify which subsection of Rule 60(b) applies to her argument. However, the relief Taylor seeks – a finding by this Court that it "overlooked the continuing injury doctrine" when it dismissed her action as time-barred - falls under Rule 60(b)(1) as a mistake or legal error by the Court.  See Kemp v. United States, 142 S. Ct. 1856 (2022) (holding that "mistake" in Rule 60(b)(1) "includes legal errors made by judges"); United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and Thirty-Two Cents ($1,449,473.32) in United States Currency, 152 Fed. Appx. 911, 912 (11th Cir. 2005) ("Rule 60(b)(1) 'encompasses mistakes in the application of the law [,]' including judicial mistakes."). "[W]here a district court's mistake was clear on the record and involved a plain misconstruction of the law and the erroneous application of that law to the facts, compelling policies of basic fairness and equity reflected by 60(b) may mandate amendment to conform its judgment to the law." Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992) (citation omitted).

As an initial consideration, Fed. R. Civ. P. 60(c)(1) states that motions pursuant to section (b)(1) must be made "no more than a year after the entry of the judgment or order[.]" Here, the Judgment and Order were entered May 28, 2024.  Thus, more than a year has passed before Taylor filed her Motion on November 6, 2025.  Accordingly, the Motion for relief from judgment or order based upon Rule 60(b)(1) is denied as untimely.

However, even if the Motion pursuant to Rule 60(b)(1) had been timely, it would still be denied. The Court did not make a mistake regarding the accrual date.  As the Eleventh Circuit explained, the accrual date is a question of federal law and "[g]enerally, a § 1983 claim accrues,

and the statute of limitations begins to run, when the facts that would support a claim are apparent or should be apparent to a person of reasonably prudent regard for her rights." Taylor v. City of Mobile Police Dep't, No. 24-11888, 2024 WL 4624660, at *4 (11th Cir. Oct. 30, 2024) (citation omitted). "Under this standard, the plaintiff 'must know or have reason to know' that she was injured and who inflicted the injury." Id. (citation omitted).

Here, Taylor knew that her constitutional claims based on her arrest accrued on July 9, 2021. She did not dispute this on appeal. Id.  Providing the Court with medical records which may show a diagnosis of a neurological disorder on April 29, 2022 (doc. 37, p. 13) does not alter the fact that the conduct giving rise to her claim occurred on July 9, 2021.[3]  A reasonable person who is forced to ground by a police officer, strikes their head, and is rendered unconscious would have reason to know that they were injured and who inflicted the injury.[4]  That a possibly-related neurological disorder was diagnosed approximately ten months later shows, at best, that the full extent of the injury may not have been known at the time of the injury. See Wallace v. Kato, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable.") (citation omitted).

Taylor appears to have confused "continuing injury" with "continuing violation", the latter of which may extend the period of limitation.  "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur

---

[3] The evidence before the Court at the time of decision indicated that Taylor knew she was injured on July 9, 2021. Her First Amended Complaint alleged that an Officer pushed her down, she hit her head on the pavement, and was rendered unconscious (doc. 6).  As an exhibit to her response to the second Motion to Dismiss, Taylor provided a copy of the response letter from Captain Kevin Rodgers regarding her July 15, 2021 Citizen Complaint against Officers Smith and Latham (doc. 15-4). Also, as an exhibit to her Objection to the Report and Recommendation, Taylor provided a copy of her December 29, 2021 "Claim Form" to the City of Mobile wherein she described: "Slam on the ground face down hitting head, on the ground." (doc. 21-1, p. 2).

within the statutory period." <u>Robinson v. United States</u>, 327 Fed. Appx. 816, 818 (11th Cir. 2007). "When the violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." <u>Id.</u>  However, as to Taylor, the unlawful conduct ceased July 9, 2021.  That she may have suffered medical consequences after the alleged initial traumatic brain injury, does not extend the period of limitations. <u>See Lovett v. Ray</u>, 327 F.3d 1181, 1183 (11th Cir. 2003) ("The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does. Here, the defendants' act...was a one time act with continued consequences, and the limitations period is not extended.") (citation omitted)); <u>Doe as Next Friend of Doe #6 v. Swearingen,</u> 51 F.4th 1295, 1305 (11th Cir. 2022) ("If a defendant's actions violate a plaintiff's rights on a repeated or ongoing basis, then a cause of action may be timely even if the first violation took place outside the statute of limitations.").

b) <u>"Medical incapacity" and "Extraordinary Circumstances and Incapacity (Rule 60(b)(6))"</u>

As a possible alternative to the argument that her claim accrued on April 29, 2022, instead of July 9, 2021, thus extending her period of limitation beyond July 2023, Taylor appears to argue that the Court's "dismissal as time-barred overlooked … medical incapacity preventing earlier filing" (doc. 34, p. 4).  This argument appears to fall within Rule 60(b)(1), for mistake by the Court. Specifically, that the Court did not consider her medical incapacity and consequently, did not consider whether the period of limitations should be equitably tolled.  Taylor has now provided approximately 600 pages of medical records in an effort to show that her medical

---

[4] Taylor references an "ER report – initial TBI [traumatic brain injury] from police encounter" (doc. 34, p. 3).

incapacity should have been considered and that her medical incapacity suspended the running of the limitations period, i.e., equitable tolling.

As an initial consideration, Fed. R. Civ. P. 60(c)(1) states that motions pursuant to section (b)(1) must be made "no more than a year after the entry of the judgment or order[.]" Here, the Judgment and Order were entered May 28, 2024.  Thus, more than a year has passed before Taylor filed her Motion on November 6, 2025.  Accordingly, the Motion for relief from judgment or order based upon Rule 60(b)(1) is denied as untimely.

Also, relying on Rule 60(b)(6), Taylor argues that there are "Extraordinary Circumstances and Incapacity" (doc. 34, p. 5). Specifically, that her traumatic brain injury, "cardiac complications, and cognitive decline prevented her from understanding filings, deadlines, or the nature of the proceedings" and that the "combination of these impairments represents extraordinary circumstances justifying relief to prevent manifest injustice." (Id., p. 5).

Motions brought pursuant to Rule 60(b)(6) "must be made within a reasonable time". Here, the Judgment and Order were entered May 28, 2024.  Thus, approximately eighteen months had passed before Taylor filed her Motion on November 6, 2025.  The Court has been unable to find controlling precedent establishing that an eighteen-month delay is reasonable. Accordingly, the Motion for relief from judgment or order based upon Rule 60(b)(6) is denied as untimely.

However, even if the Motion pursuant to Rule 60(b)(1) or Rule 60(b)(6) had been timely, they would still be denied. The Court did not overlook Taylor's medical records. The medical and other records submitted did not indicate a medical incapacity that would have prevented Taylor from timely filing (see supra, p. 10-11). Also, "[m]ental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff establishes a causal

9

connection between his alleged mental incapacity and his ability to file a timely petition."
Stamper v. Duval County Sch. Bd., 863 F.3d 1336, 1342 (11th Cir. 2017) (citation modified).
Equitable tolling is appropriate "when a movant untimely files because of extraordinary
circumstances that are both beyond his control and unavoidable even with diligence." Henderson
v. Reid, 371 Fed. Appx. 51, 53–54 (11th Cir. 2010) (quoting Sandvik v. United States, 177 F.3d
1269, 1271 (11th Cir. 1999)).

Here, Taylor is unable to make this showing.  The medical records before the Court at the
time of decision indicate that Taylor was treated for multiple medical issues after the arrest
including post-traumatic stress disorder, depression, and anxiety (doc. 15-5). However, during
the relevant time period between her arrest and injury on July 9, 2021 and the end date for the
period of limitations, the docket shows that Taylor was able to retain at least two different
attorneys to represent her in the municipal court criminal action and after her plea of guilty, to
file a notice of appeal with bond to the circuit court (doc. 11-2. Municipal Court file), to file
complaints with the Alabama State Bar against four different attorneys (doc. 15-3), to file a
Citizen Complaint on July 15, 2021 with the Mobile Police Department against Officers Smith
and Latham (doc. 15-4), and to file a Claim Form with the City of Mobile on December 29, 2021
(doc. 21-1).

Taylor did submit a one-paragraph letter from a doctor at USA Health, dated November
30, 2022, stating that Taylor "has been unable to work since July 9, 2022"[5] and that "Monica
suffers from memory impairment that developed after her injury" (doc. 16, p. 6). Other medical
records, speech pathology progress notes from January 2021 to February 2022, indicate that
Taylor had been diagnosed with mild cognitive impairment (notes of February 2022) (doc. 21-1,

---

[5]  The letter is unclear as to which "injury" or whether the doctor meant July 9, 2021, which
would coincide with the alleged injury during arrest.  But the doctor wrote "July 9, 2022".

p. 5). However, Taylor was able to participate in on-line speech therapy sessions on a regular basis (doc. 21-1). And according to the January 2021 progress notes, Taylor reported trouble recalling dates and was instructed on using an organization and planning system and the calendar on her "iOS device" (phone) (doc. 21-2, p. 15). By March 2021, she was "using planner to log information for weekly appts with excellent success" (Id., p. 13).

c) Lack of consent to the Magistrate Judge

After removal, this action was initially assigned to the Magistrate Judge for trial (doc. 2). However, the parties did not consent to the Magistrate Judge and the case was reassigned to this Court (doc. 3). Thus, this Court entered the final Order and Judgment.

Taylor argues that the Court "did not account for lack of valid consent to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c), a constitutional prerequisite to final adjudication" (doc. 34, p. 4). In her "Reference Notes (for Review)", Taylor writes that § 636(c) "requires clear, voluntary consent for a magistrate judge to enter final judgment." (Id., p. 7).

Taylor did not state which subparagraph of Rule 60(b) applies to this argument. However, since she argues that consent to a magistrate judge is "a constitutional prerequisite to final adjudication", this argument appears to fall within Rule 60(b)(4).

Rule 60(b)(4) provides relief from a void final judgment. "A judgment is void under Rule 60(b)(4) only if the district court lacked jurisdiction over the subject matter or the parties or a due process violation deprived a party of notice or the opportunity to be heard. … A judgment is not void 'simply because it ... may have been erroneous.'" Terry v. Robinett, 2026 WL 1145266, at *2 (11th Cir. Apr. 28, 2026). Additionally, whether a judgment is void under Rule 60(b)(4) is a question of issue of law subject to *de novo* appellate review. Burke v. Smith, 252 .3d 1260, 1263 (11th Cir. 2001).

A judgment is not void "simply because it is or may have been erroneous." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). (citations omitted). And a Rule 60(b)(4) motion is "not a substitute for a timely appeal." Id. at 270-71 (citations omitted). The Rule applies when the issuing court "lacked even an 'arguable basis' for jurisdiction" Id. at 271 (citation omitted) or there has been "a violation of due process that deprives a party of notice or the opportunity to be heard." Id.

Here, Taylor relies on 28 U.S.C. § 636(c) which states in relevant part, that "[u]pon consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, . . ." She argues that because she did not consent to the Magistrate Judge, the Order and Judgment are void.

Taylor is incorrect.  The Magistrate Judge did not "order the entry of judgment in the case" Id. The District Judge entered the Order and Judgment (docs. 24, 25).   frecords's motion to dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(a)-(b), Fed. R. Civ. P. 72 and S.D. Ala. Gen.LR 72(a). Pursuant to § 636(b)(1)(B), this Court designated the Magistrate Judge to submit the Report and Recommendation for disposition by this Court. Taylor's consent was not necessary. The Court did not lack jurisdiction. The Order and Judgment entered by this Court are not void.

d) "Newly Discovered and Withheld Evidence (Rule 60(b)(2)-(3)" and "Notice of Procedural Irregularities and Misrepresentation of Evidence"

Taylor argues that "[m]edical findings from 2022-2025 were unavailable before judgment and directly affect causation and liability" and that "[c]ertain hospital and police records were withheld or produced late, constituting inadvertent or deliberate omission that materially altered

12

the record." (doc. 34, p. 5).[6]  Taylor also argues that "significant medical and procedural records appear to have been withheld, misinterpreted, or omitted from the case file" and that "[t]hese omissions affected the Court's understanding of the injury timeline and the degree of Plaintiffs medical incapacity." (Id.).[7]

As an initial consideration, Fed. R. Civ. P. 60(c)(1) states that motions pursuant to section (b)(3) based upon "fraud, … misrepresentation, or misconduct by an opposing party" must be made "no more than a year after the entry of the judgment or order[.]" Here, the Judgment and Order were entered May 28, 2024.  Thus, more than a year has passed.  Accordingly, the Motion for relief from judgment or order based upon Rule 60(b)(3) is denied as untimely.

However, even if the Motion pursuant to Rule 60(b)(3) had been timely, it would still be denied. Assuming that the medical records provided with the instant Motion (docs. 34, 37, 309) are the allegedly "withheld, misinterpreted, or omitted" medical records, these are Taylor's own medical records from the Veteran's Administration, Veterans Recovery Resources, USA Health, or Infirmary Health (docs. 37, 39).  Nothing before the Court indicates that the Defendants had custody of these records such that they could have "withheld, misinterpreted, or omitted" the records from the case file.

Taylor also states that "certain … police records were withheld or produced late, constituting inadvertent or deliberate omission that materially altered the record." (doc. 34, p. 5).

---

[6] In October 2023, as an exhibit to the Motion to Dismiss, the Defendants provided a copy of Taylor's Municipal Court file (doc. 11-1).

[7]  Taylor asks the Court to accept "Exhibits A-K into the record" (Id.).  Exhibits A to H appear to be part of Taylor's medical records. For example, Exhibit G is listed as dated "11/01/2022" and "Papilledema & memory loss" with "legal relevance" because this exhibit "support[s] equitable tolling (incapacity)" (doc. 34, p. 3-4).  Taylor submitted approximately 600 pages of medical records from 2018 through 2025 (docs. 37, 39).

However, Taylor did not submit the allegedly withheld police records and did not offer any argument as to how they would have influenced the Court's decision.

Rule 60(b)(2), states that relief from an order or judgment may be available if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[8] Fed. R. Civ. P. 60(b)(2). However, a Rule 60(b)(2) motion must be made "no more than a year after the entry of the judgment or order …" Fed. R. Civ. P. 60(c)(1). Here, the Judgment and Order were entered May 28, 2024. Thus, more than a year has passed. Accordingly, the Motion for relief from judgment or order based upon Rule 60(b)(2) is denied.

However, even if the Rule 60(b)(2) motion was not time barred, Taylor has not met the Eleventh Circuit's five-part test. To obtain relief, "(1) the evidence must be newly discovered since [the final order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that [it] would probably produce a new result." Waddell v. Hendry County Sheriff's Office., 329 F.3d 1300, 1309 (11th Cir. 2003) (bracketed text in original). The bulk of the alleged newly discovered evidence consists of Taylor's medical records from 2018 through 2025, which with due diligence could have been discovered either before the Order and Judgment were entered or within the year thereafter. Arguably, some of the medical records are not cumulative in that they were not previously submitted. But Taylor submitted medical evidence to support her position that her brain injury

---

[8] "(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment."

14

occurred on July 9, 2021, and the police videos[9] of the arrest, before the Court entered the Order

and Judgment. The medical records regarding Taylor's treatment after the arrest and alleged

injury on July 9, 2021 is not material to the issue of whether the period of limitation began to run

on July 9, 2021 and expired in July 2023 before Taylor filed her Complaint in August 2023.  See

Paragraph II(B)(2)(a).  Therefore, the newly discovered evidence is not such that would probably

produce a new result, i.e., a different decision regarding the expiration of the period of limitation.

III. Conclusion

Accordingly, for the reasons set forth herein, Taylor's Motion is dismissed for lack of

jurisdiction, and otherwise denied.

**DONE** and **ORDERED** this 8th day of May 2026.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[9] Taylor submitted two flash drives containing videos of the arrest (docs. 14, 23).