IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 23-00328-KD-N |
| | ) | |
| CITY OF MOBILE POLICE | ) | |
| DEPARTMENT, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on *pro se* Plaintiff Monica Taylor's Notice of Appeal (doc. 44) and Motion to Appeal *In Forma Pauperis* (doc. 47). Upon consideration, and for the reasons set forth herein, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that Taylor's appeal is not taken in good faith. Accordingly, the Motion (doc. 47) is DENIED.

I. Background

Taylor filed a Complaint in the Circuit Court of Mobile County, Alabama against the City of Mobile Police Department, Officer Bradley Latham and Officer William Smith alleging constitutional violations (doc. 1-1). The City removed the action and asserted that it was the proper defendant instead of the City of Mobile Police Department (doc. 1). The City filed its Motion to Dismiss or in the alternative Motion for More Definite Statement (doc. 4). Taylor filed a response which the Magistrate Judge construed as First Amended Complaint filed once as a matter of course under Fed. R. Civ. P. 15(a)(1) (doc. 6). Taylor clarified that the "Civil Rights Violation complaint"

was brought pursuant to 42 U.S.C. § 1983 and that the alleged constitutional violations resulted from her arrest by Officers Latham and Smith.[1]

The City and Officers Latham and Smith moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Taylor responded to the Motion, and Defendants replied (docs. 11, 12, 14-17).  The Magistrate Judge entered a Report and Recommendation to grant Defendants' Motion (doc. 20). Taylor filed an objection (doc. 21) and Defendants filed a Response to the Objection (doc. 22).

The Magistrate Judge recommended that the Rule 12(b)(6) motion be treated as a motion for summary judgment, and that summary judgment be granted in favor of Defendants as to Taylor's claims brought pursuant to state law and § 1983 because they were time barred under the applicable two-year statute of limitations. The parties had submitted documents which indicated the underlying arrest occurred on July 9, 2021, but Taylor did not file her Complaint in state court until August 1, 2023.  Because the Magistrate Judge recommended that the motion to dismiss be treated as a motion for summary judgment, the Magistrate Judge also recommended that the parties be permitted, within the objection period, "to submit additional evidence and argument in support of their positions on the statute-of-limitation issue" (doc. 20, p. 9).

In her objection, Taylor argued that the period of limitations was six years for her state law claims of assault and battery and imprisonment. (doc. 21). See Ala. Code § 6-2-34(1). Taylor also relied upon Ala. Code § 6-2-8(a).  Relevant here, the statute tolls the periods of limitation for persons who are below the age of 19 years, or insane, and allows "three years, or the period allowed by law for the commencement of an action …" after the disability of age or insanity is terminated.

---

[1] Taylor stated that the arrest occurred on "July ninth" (doc. 6, p. 2).  Subsequent documents explain that the date was July 9, 2021.  She alleged that she was "thrown with complete force face first onto the pavement" and was "unconscious for several ongoing minutes" (Id., p. 3).

Taylor submitted medical records in an apparent attempt to show that she had post-concussion syndrome, a traumatic brain injury, cognitive impairment, and "trouble staying on task", among other impairments, after the arrest. Taylor did not specifically argue that the period of limitations for the § 1983 action should be tolled. Defendants filed a response in support of the Report and Recommendation (doc. 22).

On May 28, 2024, the Court entered an Order which modified and adopted the Report and Recommendation (doc. 24). In sum, the Court agreed that Taylor's claims pursuant to § 1983 were time barred and granted summary judgment as to those claims. Thus, her § 1983 claims were dismissed. The Court declined to exercise jurisdiction over her remaining state law claims, and remanded the action to the state court (Id.; doc. 25, Judgment).

Taylor appealed to the Court of Appeals for the Eleventh Circuit (doc. 27). She argued that this Court erred in dismissing her § 1983 claims because the "two-year statute of limitations was tolled due to her 'impaired ability to judge time accurately' that resulted from 'a traumatic head injury' she suffered during the police officers' use of excessive force'" (doc. 31, p. 9).

In an Opinion of the Court entered October 30, 2024, the Eleventh Circuit affirmed this Court's decision (doc. 31). The Eleventh Circuit found that Taylor had "not shown that her memory problems rendered her of unsound mind, or prevented her from filing her § 1983 action, within the two-year limitations period." (Id., p. 12). The Eleventh Circuit explained that Taylor's evidence showed that she had "difficulty with recalling dates as early as 2018", which increased after the head injury on July 9, 2021, but she had success with using memory aides – a calendar and a planner and the use of an iOS device (cell phone calendar).

The Eleventh Circuit also explained that during the two-year period after the arrest, Taylor "was able to defend her rights and engage in legal processes." (Id.) Specifically, Taylor

3

(1) filed a July 15, 2021 complaint with the Mobile Police Department about the officers' conduct during the arrest; (2) filed a December 29, 2021 claim for payment with the City for injuries she sustained during her arrest, within the time period required by Ala. Code § 11-47-23; (3) retained several attorneys to represent her in her criminal proceedings between July 9, 2021 and December 7, 2021; and (4) then prepared bar complaints when she was not satisfied with their legal representation.

(Doc. 31, p. 12).  Ultimately, the Eleventh Circuit found Taylor had not shown that her memory problems rendered her of unsound mind or prevented her from" timely filing the § 1983 action, and thus, she had not met her burden to show tolling was warranted.

Slightly more than a year later, on November 6, 2025, Taylor filed a "Combined Motion to Alter or Amend Judgment (Rule 59(e)) and Motion for Relief from Judgment (Rule 60(b))" (doc. 34) and an Objection to the Report and Recommendation and Motion to Reinstate (doc. 35).  The Court construed her Combined Motion as seeking relief from the Eleventh Circuit's Opinion entered October 30, 2024 which affirmed the Court's Order and Judgment (doc. 31) and relief from the Order and Judgment entered May 28, 2024 (docs. 24, 25). The Court dismissed her Motion for lack of jurisdiction as to the Eleventh Circuit's Opinion and otherwise denied her Motion for Relief (doc. 42). Because the Court found no grounds for relief from the Order and Judgment, Taylor's Objection and Motion to Reinstate (doc. 35) were moot. Taylor now appeals the Court's decision (doc. 34) and moves for leave to proceed on appeal *in forma pauperis*.

II. Analysis

Title 28 U.S.C. § 1915(a) provides the guidelines for proceeding *in forma pauperis* on appeal.  In relevant part, the statute states as follows:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1)&(3).

Rule 24 of the Federal Rules of Appellate Procedure further provides, in relevant part:

(1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a)(1)-(2).

Thus, two requirements must be met before Taylor may appeal *in forma pauperis*. First, she must demonstrate, by affidavit, that she is financially unable to pay fees and costs. Fed. R. App. P. 24(a)(1). Second, notwithstanding economic eligibility, she may not appeal *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

As to financial inability to pay fees and costs, Taylor reports that she receives $3,680.00 for Veterans[2] or Social Security benefits, and pensions, annuities or life insurance (doc. 47). Her household and living expenses total approximately $4,900.00 which includes her mortgage payment of $1,721.00, her vehicle payment of $706.00 per month, and insurance in the amount of $235.00

---

[2] Taylor self-describes as a "military veteran" (doc. 15).  She also reports treatment at Veterans medical centers (doc. 31).

(Id.). Taylor did not identify any other source of income. Thus, her debts appear to exceed her income by approximately $1,300.00. Taylor also reports that her daughter and granddaughter are dependent upon her but her financial contribution is unclear. She indicates a monthly contribution of "50%" but does not clarity the actual amount. However, the Court finds that Taylor appears to be financially unable to pay fees and costs on appeal.

Pursuant to the statute and the Rule, the Court must determine whether Taylor's appeal is taken in good faith. An appeal is taken in good faith when the appellant seeks "appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (per curiam) citing Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962). Therefore, the Court cannot grant leave to proceed *in forma pauperis* if the issues on appeal are frivolous. 28 U.S.C. § 1915(e)(2) (B)(i) - (iii); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A "case is frivolous [] when it appears that the plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll, 984 F.2d at 393 (citations omitted); Ghee, 271 Fed. Appx.at 859.

Taylor does not identify the issues she intends to present on appeal or any claims for redress (doc. 44, Notice of Appeal). However, the Eleventh Circuit reviews decisions denying Rule 59(e) motions and Rule 60(b) motions for abuse of discretion. Terry v. Robinett, 2026 WL 1145266, at *2 (11th Cir. Apr. 28, 2026) (citing PBT Real Est., LLC v. Town of Palm Beach, 988 F.3d 1274, 1287 (11th Cir. 2021) (reviewing the denial of relief under Rule 59(e) for abuse of discretion); St. Fleur v. City of Fort Lauderdale, 149 Fed. Appx. 849, 851–52 (11th Cir. 2005) ("We review a district court's order denying relief under Rule 60(b) for an abuse of discretion.") (citing Am. Bankers Ins. Co. of Fla. v. Northwestern National Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)). Thus, the Court presumes that Taylor intends to argue that it abused its discretion in reaching its decisions.

6

Based upon that presumption, and applying an objective standard, Taylor's appeal would be "without arguable merit either in law or fact" and therefore, "frivolous" and "not brought in good faith." Ghee, at 859-860.  To argue that this Court had jurisdiction to amend or modify a decision by the Eleventh Circuit would be without merit.  As to the Order and Judgment, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Here, the Order and Judgment were entered on May 28, 2024 and Taylor filed her Rule 59(e) motion on November 6, 2025.  Thus, any argument that Taylor's motion was timely would be without merit. For reasons more specifically set forth in its decision, (doc. 34, p. 5-15), the Court finds that any argument that it abused its discretion when denying Taylor's motion pursuant to Rule 60(b)(1) - (4), and (6) would be without merit. The motions were time-barred pursuant to Rule 60(c), and dismissed on the merits.

III. Conclusion

For the reasons set forth herein, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that Taylor's appeal is not taken in good faith. Accordingly, the Motion (doc. 47) is DENIED.

**DONE** and **ORDERED** this the 26th day of June 2026.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

7